UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| J.H., by his next friend,<br>CONNIE THOMAS,<br><br>        **Plaintiff,**<br>  v.<br><br>**BOARD OF EDUCATION OF**<br>**PIKELAND COUMMUNITY UNIT**<br>**SCHOOL DISTRICT #10, ET AL.,**<br><br>        **Defendants.** | Case No. 13-CV-3388 |

**OPINION**

Plaintiff filed his Complaint (#1) on November 20, 2013, alleging that he was entitled to attorneys' fees pursuant to an action brought under the Individuals with Disabilities Education Act (IDEA). On February 20, 2014, Plaintiff filed an Amended Complaint (#17) adding Christopher Koch as a defendant. The case is currently before this court on Plaintiff's Motion for Summary Judgment (#11). This court has carefully reviewed the arguments of the parties and the documents they filed. For the following reasons, Plaintiff's Motion for Summary Judgment (#11) is GRANTED.

BACKGROUND

Since the age of 3, Plaintiff has received special education services from Pikeland Community Unit School District #10 (District). On March 4, 2013, Plaintiff's mother requested a due process hearing pursuant to 20 U.S.C. § 1415(f) on Plaintiff's behalf. At the time of the hearing request, Plaintiff was 15 years and 11 months old.

During the pre-hearing conference (PHC), the parties and the impartial hearing officer (IHO) determined that there were three main issues to be decided at the due process hearing:

    a.    Whether the District denied the Student a free appropriate public education (FAPE) by failing to evaluate the Student after a request by the Parent and a request from a local mental health center to determine the degree of the Student's emotional disturbance, in violation of 20 U.S.C. § 1414(a)(2) and 34 C.F.R. § 300.303(a);

    b.    Whether the District denied the Student a FAPE by failing to write an individualized educational program (IEP) that included measurable goals designed to address the Student's anxiety and depression;

    c.    Whether the District denied the Student a FAPE by failing to include related services of counseling and social work services specifically targeting the Student's anxiety and depression and to provide the Student with protection from bullying in school in violation of 20 U.S.C. § 1414(d)(4) and 34 C.F.R. §§ 300.321, .324(b).

At the conclusion of the hearing, the IHO ruled in favor of Plaintiff on the first two issues and ruled in favor of Defendant on the third issue. Based on its findings, the IHO ordered the District to: (1) convene an IEP team meeting that would review the evaluation completed by Dr. Jessica Patel and the recommendations by Dr. Phillip Woerner and consider whether to include in Plaintiff's IEP the eligibility categories of learning disability and major depressive disorder; (2) provide Plaintiff an independent Master's level educated counselor who would provide Plaintiff with counseling sessions focused on his depression; (3) pay for or provide Plaintiff with

a social skills group experience; and (4) provide Plaintiff with 80 hours of tutoring in mathematics on a one to one basis.

The District did not file an appeal of the IHO's order. On July 25, 2013, Plaintiff made a demand for reimbursement of attorneys' fees. Thereafter, Plaintiff sent a copy of the itemized time and billing records to Defendant's attorney. Defendant has not paid for any of Plaintiff's attorneys' fees.

INSTANT LITIGATION

Plaintiff filed his complaint (#1) with this court, arguing that he is entitled to collect attorneys' fees relating to the above action pursuant to 20 U.S.C. § 1415(i)(3)(A)-(B). On January 31, 2014, Plaintiff filed a Motion for Summary Judgment (#11). Plaintiff claimed that he was entitled to summary judgment because the undisputed facts show that he prevailed in the IDEA claim and his attorneys charged a reasonable fee resulting in attorneys' fees of $51,873.74. Further, Plaintiff argued that he was entitled to prejudgment interest. Attached to the motion were a number of exhibits including affidavits stating that the reasonable hourly rates for Plaintiff's attorneys were $350 for Thomas E. Kennedy, III, $300 for Douglas L. Stevick, and $175 for Roshni C. Shikari. Also included was an invoice for services provided by each of the above attorneys on Plaintiff's behalf.

Defendant filed its Response (#20) to Plaintiff's Motion for Summary Judgment on February 24, 2014. Defendant argued that Plaintiff's fees were unreasonable because Plaintiff failed to obtain all the relief requested in his IDEA claim; Plaintiff's fee petition contained unreasonable charges not allowed under the IDEA; and prejudgment interest is not appropriate in this case. Plaintiff's Reply (#22) to Defendant's Response was filed on March 12, 2014. In it,

Plaintiff again argued that the charges and fees requested were reasonable. Plaintiff's Motion for Summary Judgment is fully briefed and ready to be ruled upon.

## ANALYSIS

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing inferences which are only supported by speculation or conjecture. See *Singer*, 593 F.3d at 533. In addition, this court "need not accept as true a plaintiff's *characterization* of the facts or a plaintiff's legal conclusion." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 835 (C.D. 2010) (emphasis in original).

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff argues that he is entitled to summary judgment because the undisputed facts demonstrate that he is entitled to attorneys' fees based on the results of his due process hearing under 20 U.S.C. § 1415(f). Plaintiff agues that the facts show that he is entitled to attorneys'

fees in the amount of $51,873.74. Defendant does not dispute that Plaintiff is entitled to attorneys' fees. However, it argues that Plaintiff is requesting an amount in excess of what is warranted. After a review of the documents submitted by the parties, this court concludes that there are no material facts in dispute. Therefore, this court will determine if Plaintiff is entitled to judgment as a matter of law.

Section 1415(i)(3)(B) of the IDEA grants this court with discretion to award reasonable attorneys' fees to parents who are the prevailing parties in state administrative proceedings, including due process hearings. *Linda T. Ex Rel Williams A. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 708 (7th Cir. 2005). Plaintiffs qualify as prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, it is undisputed that Plaintiff prevailed on two of three issues before the IHO. Therefore, Plaintiff is a prevailing party and is entitled to attorneys' fees.

This court has considerable discretion in determining the amount of attorneys' fees awarded to a prevailing party. See *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). The starting point in this court's determination of a reasonable fee is the lodestar method, which calculates the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley* 461 U.S. at 433. Then, this court must determine if there are any factors that should lead to the fee being adjusted upward or downward. *Hensley*, 461 U.S. at 434.

## A. REASONABLE FEE

In order to determine the appropriate attorneys' fees, this court will first determine a reasonable hourly rate for the attorneys who represented Plaintiff. Plaintiff has alleged that the

5

reasonable hourly rate for the attorneys in this case is $350 for Thomas E. Kennedy, III, $300 for Douglas L. Stevick, and $175 for Roshni C. Shikari. Plaintiff has provided affidavits to support those rates and Defendant has not challenged their reasonableness. Therefore, this court accepts the above rates as the reasonable rates for Plaintiff's attorneys.

Having found a reasonable hourly rate for each attorney, this court must next determine if the number of hours Plaintiff's attorneys billed for were reasonably expended on the litigation. In doing so, this court has carefully reviewed the fee request hours submitted by Plaintiff, with special attention being paid to hours that may be excessive, redundant, or otherwise unnecessary. See *Hensley*, 461 U.S. at 434.

Defendant argues that a number of hours requested by Plaintiff were not reasonably expended. First, Defendant claims that the requested time contains 6.9 hours for time spent by Plaintiff's attorneys during lunch breaks on hearing days. Plaintiff's attorneys contend that the lunch breaks were spent talking to their client and preparing for the resumption of the hearing, and therefore, billing for that time was reasonable. This court believes that a working lunch during a hearing is time reasonably expended on Plaintiff's case. Therefore, this court will not deduct that time from Plaintiff's fee request.

Second, Defendant argues that Plaintiff's fee request hours contain entries for inter-office conferences for multiple attorneys which should be excluded. While it is not always improper for multiple attorneys to bill for an inter-office conference, courts generally frown upon regular billing by multiple attorneys for the same conference. See *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 356, 1995 WL 769782 (N.D.Ill. 1995). After a careful review of the fee request hours submitted by Plaintiff, this court concludes that $525 for 3 hours billed by Attorney

Roshni C. Shikari should be deducted. Those hours include .8 hours on April 8, 2013 when Shikari and Attorney Thomas E. Kennedy, III each participated in a prehearing conference; .2 hours on May 9, 2013 for a phone call to Plaintiff that Shikari and Kennedy each participated in; and 2 hours for a conference with Plaintiff which both Shikari and Kennedy billed for.

Third, Defendant claims Plaintiff's fee request contain multiple entries for non-legal work. A district court may reduce a fee petition if the work performed by the attorneys was nonlegal in nature. *Rybicki v. State Bd. Of Elections of State of Ill.*, 584 F.Supp. 849, 861 (N.D.Ill. 1984). After a review of the fee request sheet, this court determines that $516.25 should be deducted for work billed by the attorneys which was clerical and nonlegal in nature. This court notes that it is within its discretion to compensate Plaintiff for nonlegal work at a paralegal's rate instead of an attorney's rate. See *C.W. v. Bd. of Educ. Of the City of Chicago, Dist. #299*, No 11-CV-2349, 2012 WL 355360 (N.D.Ill. 2012). However, the record does not contain any information regarding a reasonable fee rate for a paralegal in Plaintiff's area. Therefore, this court simply deducts the hours charged by the attorneys for nonlegal work.

Finally, Defendant contends that Plaintiff's fee request contains $4,472.50 in excess charges for time spent drafting documents and for duplicative work. Specifically, defendant argues that the 47 hours spent by Plaintiff's attorneys for drafting, researching, editing, and reviewing the post-hearing brief was excessive. Importantly, Defendant makes this argument without any reference to the appropriate time Plaintiff's attorneys should have spent on the draft or without discussing why 47 hours was excessive or duplicative. Plaintiff contends that complicated law and the facts of the case made work on the post-hearing brief time-consuming.

7

After reviewing the hours spent, this court cannot conclude that this time was not reasonably expended on the litigation.

Having concluded that the appropriate hours expended should be reduced slightly, this court determines that $1,041.25 should be deducted from Plaintiff's request of $51,873.74 in attorneys' fees. Therefore, the proper fee, using the lodestar method, is $50,832.49. Having made this determination, this court must next examine the record for any facts requiring an adjustment in the fee.

## B. FEE ADJUSTMENTS

There are a number of factors that a court can consider when determining whether to adjust the lodestar amount. See *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (abrogating a portion of *Johnson*, however, affirming that the *Johnson* factors are still relevant in adjusting the lodestar amount). One factor that is important to this court's determination is the "results obtained." *Hensley*, 461 U.S. at 434. This factor is especially important where a plaintiff is deemed a prevailing party even though he succeeded on only some of his claims. *Hensley*, 461 U.S. at 434. In this situation, two questions must be asked: (1) did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded; and (2) did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

In this case, all three of Plaintiff's claims related to the District denying him a FAPE. Therefore, this court finds that the claim Plaintiff failed to prevail on was related to the claims he succeeded on. Further, although the IHO ruled in favor of Defendant on the third issue, the relief

8

ordered by the IHO provided Plaintiff with a level of success on that issue. The issue Plaintiff did not succeed on alleged that the District denied him a FAPE by "failing to include related services of counseling and social work services specifically targeting the Student's anxiety and depression and to provide the Student with protection from bullying." The relief granted by the IHO required the District to provide Plaintiff with an independent Master's level educated counselor who would provide counseling sessions focused on Plaintiff's depression. It further required the District to pay for or provide Plaintiff with a social skills group experience. This relief addresses some of the concerns raised in Plaintiff's third and only unsuccessful issue. Therefore, this court finds that Plaintiff did obtain some relief on that issue.

Defendant argues that Plaintiff did not obtain complete and total relief on his third claim. Specifically, Defendant contends that Plaintiff failed to receive relief related to his allegation that the District did not provide him with protection from bullying. Where Plaintiff does not successfully obtain all the relief requested, it is within this court's discretion to reduce the amount of fees awarded. See *Dale M. v. Board of Educ. of Bradley-Bourbonnais High School Dist. 307*, 29 F.Supp.2d 925, 930 (C.D. Ill. 1998), *rev'd on other grounds*. However, it is also within this court's discretion to grant Plaintiff full compensatory attorneys' fees if it finds that Plaintiff obtained "excellent results." See *Hensley*, 461 U.S. at 435.

After a careful review of the arguments and documents submitted by the parties, this court has determined that the lodestar figure does not need to be reduced due to Plaintiff's failure to obtain complete relief for his allegation that the District did not provide him with protection from bullying. While a district court does have discretion to reduce the lodestar figure, it must justify its decision. *Sottoriva v. Claps*, 617 F.3d 971, 976 (7th Cir. 2010). After a review of the

9

documents submitted by the parties, this court determines that it would be difficult to justify an adjustment in this case. First, because the three issues were closely related, it would be difficult for this court to determine how much time Plaintiff's attorneys spent solely on the bullying issue. Second, Plaintiff did obtain some relief on the third issue, namely in the form of counseling and a skills group, that could address Plaintiff's problems with bullying. Therefore, based on the excellent results Plaintiff obtained and the fact that the issues were all related, this court determines that the fee need not be adjusted downward due to Plaintiff's failure to obtain total and complete relief.

## C. PREJUDGMENT INTEREST

Plaintiff claims that he is entitled to an award of prejudgment interest. Defendant argues that prejudgment interest is not warranted in this case. The Seventh Circuit has held that "prejudgment interest should be presumptively available to victims of federal law violations." *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). This court finds that Plaintiff is entitled to prejudgment interest in this case. While there is no federal statutory interest rate on prejudgment interest, the Seventh Circuit has instructed courts to use the current prime rate for fixing prejudgment interest. *Gorenstein*, 874 F.2d at 436. Therefore, this court concludes that Plaintiff is entitled to prejudgment interest at a rate of 3.25%[1] from a date thirty days after July 25, 2013, the date Plaintiff requested attorneys' fees from Defendant.

## D. CONCLUSION

The undisputed material facts show that Plaintiff is entitled to summary judgment. After a review of the arguments and documents submitted by the parties, this court concludes that

---

[1]This rate was reported by the Wall Street Journal's bank survey on 5/1/2014.

Plaintiff is entitled to $50,832.49 in attorneys' fees with prejudgment interest.

This court notes that Defendant Christopher Koch filed a Motion (#26) for Extension of Time to File an Answer to Plaintiff's Amended Complaint (#17) on April 29, 2014. Because this court has found that summary judgement is warranted in this case, Defendant's Motion (#26) is moot.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Summary Judgment (#11) is GRANTED.

(2) Plaintiff is awarded attorneys' fees in the amount of $50,832.49 as well as prejudgment interest of 3.25% from 30 days after July 25, 2013.

(3) Defendant's Motion for Extension of Time (#26) is moot.

ENTERED this 1st day of May, 2014.

                                                          s/COLIN S. BRUCE
                                          UNITED STATES DISTRICT JUDGE